IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHATHAM CAPITAL HOLDINGS, INC. and CHATHAM CAPITAL MANAGEMENT IV, LLC,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>ANDREW B. CONRU, as Trustee for the Andrew B. Conru Trust, FRIENDFINDER NETWORKS, INC., INTERACTIVE NETWORK, INC., and JOHN and JANE DOES 1 – 5,<br><br>   *Defendants*. | Case No. 22-1381<br><br>**NOTICE OF REMOVAL** |

**TO:** Clerk of the United States District Court for the Southern District of New York:

PLEASE TAKE NOTICE that Defendants FriendFinder Networks Inc.,* Interactive Network, Inc., and Andrew B. Conru, as Trustee for the Andrew B. Conru Trust, hereby remove the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendants state the following:

## BACKGROUND

1. On January 18, 2022, Plaintiffs Chatham Capital Holdings, Inc. and Chatham Capital Management IV, LLC commenced an action in the Supreme Court of the State of New York, County of New York, captioned *Chatham Capital Holdings, Inc. et al. v. Andrew B. Conru,*

---

 * As reflected in the caption of this Notice of Removal, Plaintiffs' Complaint names as a defendant "FriendFinder Networks, Inc." We assume, however, that Plaintiffs intended to name FriendFinder Networks Inc.

*et al.*, Index No. 650267/2022. True and correct copies of the Summons, Complaint, and the Exhibits to the Complaint are attached hereto as **Exhibits 1, 2, 2-A, 2-B, and 2-C**, which constitute all pleadings and process in this action.

2. Plaintiffs' Complaint asserts claims against Defendants relating to the indenture governing certain debt securities issued by Defendants Interactive Network, Inc. and FriendFinder Networks Inc. In particular, Plaintiffs assert a claim for breach of contract (*see* Compl. ¶¶ 43-50) and a claim for breach of an implied obligation of good faith and fair dealing allegedly owed to Plaintiffs (*see id.* ¶¶ 51-56). Those claims seek damages "in an amount to be determined at trial, but believed to be no less than eleven million dollars." *Id.* ¶¶ 50, 56. In addition, Plaintiffs assert a related claim for declaratory relief. *See id.* ¶¶ 57-61.

3. On January 20, 2022, Defendants were served with a copy of the Complaint by email and accepted service of the Complaint.

## BASIS FOR REMOVAL

### A. Removal Is Proper Because This Is A Civil Action Within This Court's Original Jurisdiction

4. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1) because it is an action between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. Accordingly, this action could have originally been filed in this Court and is now properly removed to this Court. *See* 28 U.S.C. § 1441(a).

#### 1. The Parties Are Completely Diverse

5. The parties are completely diverse under 28 U.S.C. § 1332(a) because Plaintiffs are citizens of Georgia and Defendants are citizens of Delaware, Florida, and Washington. No Plaintiff is the citizen of the same State as any Defendant.

6. Plaintiffs Chatham Capital Holdings, Inc. and Chatham Capital Management IV, LLC are both citizens of Georgia. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Chatham Capital Holdings, Inc. is incorporated under the laws of Georgia, *see* Compl. ¶ 2, and its principal place of business is in Atlanta, Georgia.

7. Chatham Capital Management IV, LLC is a limited liability company organized under the laws of Delaware. *See* Compl. ¶ 2. As a limited liability company, it "takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). Pursuant to this Court's Local Civil Rule 81.1, Defendants state that they lack knowledge regarding the identity of the member or members of Chatham Capital Management IV, LLC. Defendants further state their belief, based upon a reasonable inquiry, that the sole member of Chatham Capital Management IV, LLC is a citizen of the State of Georgia.

8. Defendants FriendFinder Networks Inc. and Interactive Network, Inc. are corporations incorporated under the laws of Delaware (*see* Compl. ¶¶ 4, 5) with their principal place of business in Delray Beach, Florida.

9. Defendant Andrew B. Conru, sued in his capacity as Trustee for the Andrw B. Conru Trust, is a citizen of the State of Washington. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) ("[W]hen a trustee . . . is sued in her own name, her citizenship is all that matters for diversity purposes."). Mr. Conru resides in and is domiciled in the State of Washington.

10. Plaintiffs' Complaint also names "John and Jane Does 1 – 5" as "Putative Defendants." Compl. ¶ 6. Pursuant to 28 U.S.C. § 1441(b)(1), however, "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether this action is removable on the basis of diversity jurisdiction.

### 2. The Amount In Controversy Requirement Is Satisfied

11. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, exceed $75,000.

12. Here, the Complaint demands "significant damages in an amount to be determined at trial, but believed to be no less than eleven million dollars." Compl. ¶¶ 50, 56. The amount in controversy thus exceeds the jurisdictional minimum. *See, e.g.*, *Scherer v. The Equitable Life Assurance Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003) (recognizing "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy").

### B. Defendants Have Satisfied The Procedural Requirements For Removal

13. Defendants' Notice of Removal is timely. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Because Defendants were served with the Complaint on January 20, 2022, this Notice of Removal is timely.

14. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Southern District of New York embraces New York County, New York. *See* 28 U.S.C. § 112(b).

15. None of the Defendants is a citizen of the State of New York. *See* 28 U.S.C. § 1441(b)(2).

16. All Defendants consent to removal of this action from state court. *See* 28 U.S.C. § 1446(b)(2)(C).

17. No prior application for this relief has been made.

* * * * *

WHEREFORE, Defendants give notice that the above-captioned civil action pending in the Supreme Court of the State of New York, New York County, is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendants reserve all rights and defenses, and the filing of this Notice of Removal is subject to, and without waiver of, all such rights and defenses.

Defendants will provide Plaintiffs with prompt written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), and will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, where the Complaint was originally filed.

Dated: February 18, 2022

Respectfully submitted,

/s/ Lawrence S. Robbins
Lawrence S. Robbins
ROBBINS, RUSSELL, ENGLERT, ORSECK
  & UNTEREINER LLP
2000 K Street, NW, 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: lrobbins@robbinsrussell.com

*Counsel for Defendants*

TO:

Steven M. Kayman
Harry W. Lipman
Stacy L. Ceslowitz
ROTTENBERG LIPMAN RICH, P.C.
The Helmsley Building
230 Park Avenue, 18th Floor
New York, New York 10169

William Collins
Joseph H. Stuhrenberg
BURR & FORMAN LLP
171 17th Street NW, Suite 1100
Atlanta, Georgia 30363

*Counsel for Plaintiffs*