UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :       22cv1381 (DLC)
CHATHAM CAPITAL HOLDINGS, INC. et al., :
                                     :
                   Plaintiffs,       :       OPINION AND ORDER
          -v-                        :
                                     :
ANDREW B. CONRU et al.,              :
                                     :
                   Defendants.       :
                                     :
------------------------------------ X

APPEARANCES:

For the plaintiffs:
Rottenberg Lipman Rich, P.C.
Steven Michael Kayman
Stacy Loren Ceslowitz
The Helmsley Building
230 Park Avenue, 18th Floor
New York, NY 10169

For the defendants:
Friedman Kaplan Seiler & Adelman LLP
Lawrence S. Robbins
Jeffrey R. Wang
Jamuna D. Kelly
7 Times Square
New York, NY 10036

DENISE COTE, District Judge:

     The plaintiffs hold a minority interest in securities

issued pursuant to an indenture.  The defendants assert that

this action, in which there is no allegation of a default, is

barred by the indenture's no-action clause.  For the following

reasons, the motion to dismiss is granted and the plaintiffs'

motion for leave to amend to add claims pursuant to the Trust

Indenture Act of 1939 ("TIA"), 15 U.S.C. § 77aaa et seq., is denied as futile.

## Background

The following facts are drawn from the complaint and documents upon which it relies.  Chatham Capital Holdings, Inc. and Chatham Capital Management IV, LLC (together, "Plaintiffs") have brought an action against Andrew B. Conru, as Trustee for The Andrew B. Conru Trust, FriendFinder Networks Inc., and Interactive Network, Inc. (collectively, "Defendants") arising out of alleged violations of the indenture governing debt securities.  For the purposes of deciding the defendants' motion to dismiss, the Plaintiffs' factual allegations are accepted as true, and all reasonable inferences are drawn in the Plaintiffs' favor.

The Plaintiffs hold debt securities issued by FriendFinder Networks, Inc. ("FFN") and its affiliate, Interactive Network, Inc. (the "Issuers").  Defendant Andrew Conru founded FFN.  The Andrew B. Conru Trust (the "Conru Trust"), of which Andrew Conru is the Trustee, is the largest shareholder of FFN.

The debt securities were issued on May 1, 2018 ("Securities") pursuant to an indenture titled "14% First Lien Senior Secured Notes due 2025" (the "Indenture").  As relevant here, Article VIII of the Indenture governs amendments to the Indenture.  Section 8.2 provides that

2

> no amendment or waiver of any provision of this
> Indenture . . . shall in any event be effective unless
> the same shall be in writing and signed by (a) the
> Issuers, (b) the Required Holders or by the Trustee
> with the consent of the Required Holders and (c) with
> respect to Article IX, the Guarantors.

Required Holders are defined as Holders[1] with "at least 50.1% of the aggregate outstanding principal amount of all Securities."  Certain amendments, however, require consent from the Supermajority Holders, which is defined as "67% of the aggregate outstanding principal amount of the Securities."  These amendments include those at issue here: a change to "the principal amount or any interest amount of the Securities" and "the Maturity Date."  Section 8.6 states that "[the] Trustee shall sign any amendment . . . authorized pursuant to this Article VIII if the amendment . . . does not adversely affect the rights, duties, liabilities or immunities of the Trustee."

Section 5.7 of the Indenture is labelled "Limitation on Suits."  It provides, with an exception not relevant here, that "a Holder may not pursue any remedy with respect to this Indenture or the Securities unless" five conditions are met.  The first such condition is that the "Holder has previously given to the Trustee written notice stating that

---

[1] A Holder is defined as "the Person in whose name a Security is registered."

an Event of Default is continuing." Another provision of
the Indenture explains that § 5.7 does not impair the right
of any Holder to "receive payment of principal of, premium
(if any), or interest on the Securities" of the Holder and
to bring suit to enforce such a right to payment.

The events giving rise to this dispute began when defendant
Conru purchased securities which made the Conru Trust the
Required Holder and Supermajority Holder under the Indenture.
On March 1, 2021, FFN contacted the Plaintiffs with an offer to
purchase the Plaintiffs' Securities for 70% of the Securities'
principal amount. The Plaintiffs declined.

On or about March 17, the Defendants executed the First
Amendment to the Indenture (the "First Amendment"). The First
Amendment, among other changes, reduced the interest rate on the
Securities from 14% per year to 7% and extended the maturity
date from 2025 to 2035. The Defendants did not obtain the
Trustee's signature on the First Amendment. After being
notified by the Plaintiffs about the absence of the Trustee's
signature, the Trustee signed the First Amendment on July 23,
with the statement that it was effective as of March 17, 2021.

On July 29, FFN again offered to purchase the Plaintiffs'
Securities, this time for 65% of the principal amount. The
Plaintiffs again declined. The Plaintiffs filed this action in
state court on January 18, 2022, asserting claims for breach of

contract and breach of the covenant of good faith and fair dealing and seeking a declaratory judgment that the First Amendment is unenforceable.

The Defendants removed this action to federal court on February 18, and on March 11, moved to dismiss.  On May 10, the judge to whom this action was then assigned granted the Plaintiffs an extension of time to respond to the Defendants' motion to dismiss until two weeks after a decision on the Plaintiffs' forthcoming motion for leave to amend the complaint. On May 13, the Plaintiffs moved for leave to amend the complaint and add claims pursuant to the TIA.  That motion became fully submitted on June 3.

On August 17, this case was reassigned to this Court. Pursuant to an October 4 Order, the briefing on the motion to dismiss resumed.  The motion to dismiss became fully submitted on November 11.  Both the motion to dismiss and to amend are addressed in this Opinion.

## **Discussion**

To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face." Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076–77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Charles v. Orange County, 925 F.3d 73, 81 (2d Cir. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." Hamilton v. Westchester County, 3 F.4th 86, 91 (2d Cir. 2021) (citation omitted). Additionally, a court may "consider extrinsic material that the complaint 'incorporate[s] by reference,' that is 'integral' to the complaint, or of which courts can take judicial notice." Lively v. WAFRA Inv. Advisory Group, Inc., 6 F.4th 293, 305 (2d Cir. 2021) (citation omitted).

The Indenture's no-action clause bars this lawsuit. The Plaintiffs' breach of contract claim asserts that the changes in the First Amendment to the interest rate and maturity date for their Securities are highly prejudicial to them and were accomplished through an impermissible amendment to the Indenture. "Under New York law, interpretation of indenture provisions is a matter of basic contract law, and [courts]

6

construe an indenture subject to the rule that a written
agreement that is complete, clear and unambiguous on its face
must be enforced according to the plain meaning of its terms."[2]
Cortland Street Recovery Corp. v. Bonderman, 31 N.Y.3d 30, 39
(2018) (citation omitted).  New York courts "read a no-action
clause to give effect to the precise words and language used,
for the clause must be strictly construed."  Quadrant Structured
Prods. Co., Ltd. v. Vertin, 23 N.Y.3d 549, 560 (2014) (citation
omitted); see also McMahan & Co. v. Wherehouse Ent., Inc., 65
F.3d 1044, 1050-51 (2d Cir. 1995).   The Indenture's no-action
clause states, with an exception not relevant here, that "a
Holder may not pursue any remedy with respect to this Indenture
or the Securities" unless five conditions are met.  The
complaint does not plead that the Plaintiffs complied with these
preconditions to suit or that the no-action clause is otherwise
inapplicable to this action.  Accordingly, this action is barred
under the no-action clause.

        This analysis applies with equal force to the claim for
breach of the covenant of good faith and fair dealing.  "[U]nder
New York law, the implied covenant of good faith and fair
dealing cannot be used to impose an obligation that is
inconsistent with express contractual terms."  In Touch

---

[2] The Indenture states that it is governed by New York law and
the parties' briefs rely on New York law.

Concepts, Inc. v. Cellco P'ship, 788 F.3d 98, 102 (2d Cir. 2015).  Here, the claim for breach of the covenant of good faith and fair dealing cannot circumvent the no-action clause.

The Plaintiffs oppose the motion to dismiss with two arguments.  First, they assert that the no-action clause only imposes conditions precedent to suit where there has been an event of default.  Not so.  The no-action clause does not contain any such limitation.  It forbids a Securities holder from pursuing "any remedy" with certain exceptions not relevant here.  The Plaintiffs' effort to escape the litigation bar presented by the no-action clause by offering to amend their complaint to plead expressly that there has been no event of default fails.

Next, the Plaintiffs seek to amend their complaint to plead violations of the TIA, specifically, that the TIA did not permit the Defendants to alter the interest rate and maturity date through the First Amendment.  This amendment does not succeed in overcoming the bar presented by the no-action clause.  The motion to amend to add TIA claims must be denied as futile.

"A district court has broad discretion in determining whether to grant leave to amend."  United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016) (citation omitted).  Although leave to amend under Rule 15 shall be "freely give[n] when justice so requires," Fed. R. Civ. P.

15(a)(2), it is well established that "district courts may deny leave to amend for good reason, including futility." <u>Cohen v. Am. Airlines, Inc.</u>, 13 F.4th 240, 247 (2d Cir. 2021) (citation omitted).  "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." <u>F5 Capital v. Pappas</u>, 856 F.3d 61, 89 (2d Cir. 2017) (citation omitted).

The Plaintiffs' proposed first amended complaint ("FAC") adds claims under the TIA, alleging that the Securities were subject to the TIA and that the Defendants violated the TIA when they executed the First Amendment.  The Plaintiffs also assert that the TIA nullifies the Indenture's no-action clause.  The question of futility principally turns on whether the TIA applies to the Securities.

The Securities were issued to holders (1) of notes in the United States in a "private transaction" pursuant to section 4(a)(2) of the Securities Act of 1933 (the "Securities Act"), and (2) of notes outside the United States in compliance with Regulation S under the Securities Act.  It is undisputed that the securities issued pursuant to § 4(a)(2) are exempted from the TIA.  The FAC alleges, however, that the Securities sold offshore pursuant to Regulation S are not exempt.

Regulation S securities are also exempt.  The TIA states that it "shall not apply" to transactions that are exempted from the registration requirements of § 5 of the Securities Act by §

4 thereof.  15 U.S.C. § 77ddd(b).  Section 4 of the Securities

Act exempts "transactions by an issuer not involving any public

offering." Id. § 77d(a)(2).  Regulation S securities are not

issued pursuant to a public offering.  See, e.g., Offshore

Offers and Sales, Securities Act Release No. 6863, 1990 WL

311658, at *6 (Apr. 24, 1990); 17 C.F.R. § 230.901.  Indeed, the

Letter of Transmittal for the Securities, which is attached to

the FAC, acknowledges that they are not publicly issued

securities.  It states that the Securities are "being privately

placed by the Issuers . . . pursuant to Regulation S."  See also

AG Oncon, LLC v. Ligand Pharms., Inc., C.A. No. 2018-0556, 2019

WL 2245976 at *10 (Del. Ch. May 24, 2019) (securities not

involved in a public offering are exempt from the TIA).

Therefore, the claims under the TIA would not survive a motion

to dismiss, and the motion to amend must be denied as futile.

### Conclusion

The Defendants' March 11 motion to dismiss the complaint

is granted.  The Plaintiffs' May 13 motion for leave to amend

the complaint is denied.  The Clerk of Court is directed to

enter judgment for the Defendants and close the case.

Dated:    New York, New York
          January 3, 2023

_____
                     DENISE COTE
          United States District Judge