```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
CHATHAM CAPITAL HOLDINGS, INC. et al., :        22cv1381 (DLC)
                                       :
                  Plaintiffs,          :
          -v-                          :        OPINION AND ORDER
                                       :
ANDREW B. CONRU et al.,                :
                                       :
                  Defendants.          :
                                       :
---------------------------------------X
```

APPEARANCES:

For the plaintiffs:
Rottenberg Lipman Rich, P.C.
Steven Michael Kayman
Stacy Loren Ceslowitz
The Helmsley Building
230 Park Avenue, 18th Floor
New York, NY 10169

For the defendants:
Friedman Kaplan Seiler & Adelman LLP
Lawrence S. Robbins
Jeffrey R. Wang
Jamuna D. Kelly
7 Times Square
New York, NY 10036

DENISE COTE, District Judge:

Pursuant to a clause in a trust indenture, the defendants have moved for an award of costs and fees paid in their successful defense of this litigation. For the following reasons, the motion is granted.

**Background**

The relevant facts underlying this action are set forth in this Court's Order of January 2, 2023, which granted the defendants' motion to dismiss and denied as futile the plaintiffs' request to amend, and in the Second Circuit Court of Appeals' affirmance of that decision.  See Chatham Capital Holdings, Inc. v. Conru, 92 F.4th 107 (2d Cir. 2024), aff'g 2023 WL 22622 (S.D.N.Y. Jan. 3, 2023).  Familiarity with those decisions is assumed.

 In brief, the plaintiffs hold debt securities issued by FriendFinder Networks, Inc. ("FFN") and its affiliate, Interactive Network, Inc. (the "Issuers").  They accepted an exchange offer in 2018 and swapped their original notes for a combination of new debt securities and stock.  The debt securities were issued on May 1, 2018 ("Securities") pursuant to an indenture (the "Indenture").

As relevant here, the Indenture required consent from the Supermajority Holders (defined as "67% of the aggregate outstanding principal amount of the securities") to change the interest amount or the maturity date of the Securities.  The Indenture also contained a "no-action" clause, providing that, with an exception not relevant here, "a Holder may not pursue any remedy with respect to this Indenture or the Securities unless" five conditions are met.

2

Finally, the Indenture contains a fee-shifting provision, which provides:

> In any suit for the enforcement of any right or remedy under this Indenture or in any suit against the Trustee for any action taken or omitted by it as a Trustee . . . the court <u>in its discretion</u> may assess reasonable costs, including reasonable attorneys' fees and expenses, against any party litigant in the suit, <u>having due regard to the merits and good faith of the claims</u> or defenses made by the party litigant.

(Emphasis supplied.)

The defendant Andrew Conru founded FFN.  The Andrew B. Conru Trust (the "Conru Trust"), of which Andrew Conru is the Trustee, became the Supermajority Holder under the Indenture. On March 1, 2021, FFN contacted the plaintiffs with an offer to purchase the plaintiffs' Securities for 70% of the Securities' principal amount.  The plaintiffs declined.

On or about March 17, the defendants executed the First Amendment to the Indenture (the "First Amendment").  The First Amendment, among other changes, reduced the interest rate on the Securities from 14% per year to 7% and extended the maturity date from 2025 to 2035.  The Trustee signed the First Amendment on July 23, with the statement that it was effective as of March 17, 2021.

On July 29, FFN again offered to purchase the plaintiffs' Securities, this time for 65% of the principal amount.  The plaintiffs again declined.

3

The plaintiffs filed this action in state court on January 18, 2022, asserting claims for breach of contract and breach of the covenant of good faith and fair dealing and seeking a declaratory judgment that the First Amendment is unenforceable.

The defendants removed this action to federal court and moved to dismiss, arguing that the "no-action" clause barred the action.  Instead of responding to the motion, the plaintiffs moved for leave to amend the complaint to add claims under the Trust Indenture Act of 1939 ("TIA"), 15 U.S.C. § 77aaa et seq., which prohibits no-action clauses in public offerings.  The motion for leave to amend was fully submitted on June 3.

On August 17, this action was reassigned to this Court, which thereafter required the plaintiffs to respond to the pending motion to dismiss.  The motion to dismiss was fully submitted on November 11.

An Opinion of January 3, 2023 granted the defendants' motion to dismiss and denied the plaintiffs' motion for leave to amend.  The plaintiffs appealed and the Second Circuit Court of Appeals subsequently affirmed this Court's decision.  See Chatham Capital Holdings, Inc. v. Conru, 92 F.4th 107 (2d Cir. 2024), aff'g 2023 WL 22622 (S.D.N.Y. Jan. 3, 2023).

On March 7, 2024, the defendants requested that the Court reopen the action so they could move for costs, including

reasonable attorneys' fees and expenses.  Orders of March 12
granted defendants' request to reopen and referred the parties
to mediation, which was unsuccessful.  Defendants' motion for
costs and fees was fully submitted on May 3.

## Discussion

Defendants argue that an award of fees is warranted in this
case because plaintiffs knew, or should have known, that the
action was barred by the no-action clause in the Indenture, yet
pursued their claims anyway, including by attempting to amend
the original complaint to include claims under the TIA and by
appealing the January 3, 2023 Opinion.  They are correct.

"Under New York law, interpretation of indenture provisions
is a matter of basic contract law, and [courts] construe an
indenture subject to the rule that a written agreement that is
complete, clear and unambiguous on its face must be enforced
according to the plain meaning of its terms."[1]  Cortland Street
Recovery Corp. v. Bonderman, 31 N.Y.3d 30, 39 (2018) (citation
omitted).  Further, parties may agree by contract to permit
recovery of attorneys' fees, so long as the contract contains
"clear language stating that the prevailing party is entitled to
recover attorney's fees in an action between the parties."  Sage
Systems, Inc. v. Liss, 39 N.Y.3d 27, 33 (2022).

_____

[1] It is undisputed that New York law governs this action.

The fee-shifting provision of the Indenture provides that
"the court in its discretion may assess reasonable costs,
including reasonable attorneys' fees and expenses, against any
party litigant in the suit, having due regard to the merits and
good faith of the claims or defenses made by the party
litigant."  This language "clearly permit[s]" recovery of fees
from the plaintiffs.  Id. at 32 (citation omitted).  See also
Browning Debenture Holders' Comm. V. DASA Corp., 560 F.2d 1078,
1088 (2d Cir. 1977).  Thus, the Court may, in its discretion,
order the payment of attorneys' fees by plaintiff.

Plaintiffs, comprising an investment firm that has raised
more than $1 billion in capital since its inception, executed a
contract for debt securities that not only allowed a
Supermajority Holder to change the interest rate and maturity
date of those securities and contained a no-action provision but
also included a fee-shifting provision.  Because "[a] reading of
the contract should not render any portion meaningless,"
Cortland St. Recovery Corp., 31 N.Y.3d at 39 (citation omitted),
plaintiffs will be held to their end of the bargain.

Plaintiffs have admitted that they "knew from the start
that [they] had to overcome the literal language of the
Indenture."  Yet New York law is clear that indentures "must be
enforced according to the plain meaning of [their] terms."  Id.

(citation omitted).  Despite this clear authority, plaintiffs
filed this suit.

When faced with a motion to dismiss, plaintiffs attempted
to evade responding directly to that motion and belatedly
asserted claims under the TIA.  They did this precisely because
they knew the no-action clause otherwise barred their suit.

The plaintiffs advanced their TIA argument despite it being
undisputed that the 2018 exchange offer was a private placement
and despite the fact that the TIA completely exempts private
offerings.  In support of their TIA claim, the plaintiffs
advanced an argument about Regulation S and offshore offerings.
As the Court of Appeals noted, the plaintiffs cited "no
authority indicating that Regulation S somehow displaces the
plain text of the TIA and the Private Placement Exemption."
Chatham Capital Holdings, 92 F.4th at 115.

Thus, in the face of the unambiguous terms in the Indenture
and of law contradicting their arguments, and with no authority
in favor of their claims, the plaintiffs brought this litigation
and pursued it in state court, federal district court and the
Court of Appeals, causing not only the defendants but also the
courts to expend significant resources.  An award of attorneys'
fees here is appropriate both to enforce the no-action clause
and in light of the plaintiffs' conduct in this litigation.

Having due regard for the merits and good faith of the
plaintiffs' claims, the Court in its discretion will award the
defendants' reasonable attorney's fees and expenses.

Plaintiffs argue that they brought this action to redress a
bona fide injustice.  They complain that the defendants'
Amendment to the Indenture stripped away virtually all investor
protections and altered the financial terms in a manner that is
"unheard of" unless the issuer is in financial distress.  This
argument fails.  The plaintiffs are sophisticated investors.
The terms of the Indenture were clear.  It gave a Supermajority
Holder significant powers.  Unhappiness with one's bargain does
not, by itself, justify the filing of litigation.

The defendants seek an award of $616,240 for reimbursement
of expenses and fees.  The plaintiffs, having reviewed the
defendants' attorneys' invoices, contend that the fees are
unreasonable for two reasons.

First, the plaintiffs note that the defendants changed
counsel three times, which required new sets of lawyers to bill
tens of thousands of dollars to get up to speed even though
their lead attorney remained in place.  $50,000 will be
subtracted from the award to address this issue.

Next, the plaintiffs point out that their attorneys charged
only roughly one-third of the fees paid by the defendants to

their counsel.  To some extent this disparity reflects the fact
that plaintiffs had little law to cite in favor of their
arguments and the defendants could point to a large number of
decisions in favor of their positions.  This disparity may also
reflect the seriousness with which the parties took this
litigation.  In any event, the defendants paid these fees and
the plaintiffs have pointed to no reason to find that the
billing rates for the individual attorneys and staff are
unreasonable, or with the exception listed above, that the work
performed was unnecessary.  As a result, there will be no
further deduction.

### Conclusion

The defendants' April 5, 2024 motion for an award of costs
and fees is granted.  The defendants are awarded $566,240 in
attorneys' fees and costs.

Dated:    New York, New York
          May 22, 2024

                                    DENISE COTE
                        United States District Judge